Ellery<br>*v.*<br>New Eng.<br>Ins Co.

23

---

## JOHN YATES *et al. versus* CHARLES BROWN *et al.*

A pilot, while he has charge of a vessel, is the agent of the owner.

The owner of a vessel which, through the fault or negligence of any one on board, injures another vessel by running foul of her, is liable to the injured party, although there be a pilot on board who has the entire control and management of the vessel.

CASE by the plaintiffs, as owners of the brig Only Son, for an injury done to that vessel by the schooner Napoleon, of which the defendants were owners.

It appeared on the trial, before *Parker* C. J., that the Napoleon, when sailing out of the harbour of Boston, bound on a foreign voyage, with a pilot on board, came in contact with the Only Son, which was lying in the stream, and the bowsprit of the Only Son was injured, and some other damage done. One of the defendants was on board the Napoleon when the accident happened. A verdict having been found for the plaintiffs, which settled the amount of damage, and the fact of the mismanagement of the defendants' vessel, a question was reserved for the whole Court, whether, there being a person duly authorized to pilot the Napoleon, the owners of the vessel were liable for an injury arising from negligence or mismanagement in navigating the vessel out of the harbour.

Judgment was to be entered on the verdict, or the plaintiffs to become nonsuit, according to the opinion of the Court.

*S. D. Parker*, for the defendants, contended that the pilot was not the agent of the defendants, and consequently that the vessel, at the time the accident happened, having been under

June 23d,<br>1828.

his charge, they were not liable for any loss arising from his negligence.  He cited *St.* 1796, *c.* 85, § 2, 6, 8, and 10 ; *St.* 1783, *c.* 13, § 8 ; *Stocks* v. *Clement*, 1 Peake's Cases, 107 ; *Snell* v. *Rich*, 1 Johns. R. 305 ; *Curruthers* v. *Sylebotham*, 4 Maule & Selw. 85 ; *Nicholson* v. *Mounsey*, 15 East, 384 ; *Attorney-General* v. *Case*, 3 Price, 302 ; 1 Holt on Ship. 481.  [See *Stephenson* v. *Dixon*, 1 Danson & Lloyd, 332.]

*Simmons* and *Gay*, for the plaintiffs, cited Laws of Oleron, *Art.* 23 ; *Brit. St.* 52 Geo. 3, *c.* 39, § 30 ; *Bennet* v. *Moita*, 7 Taunton, 258 ; *Ritchie* v. *Borrsfield*, 7 Taunt. 309 ; *Boucher* v. *Noidstrom*, 1 Taunt. 568 ; *Carruthers* v. *Sydebotham*, 4 Maule & Selw. 77 ; *Attorney-General* v. *Case*, 3 Price, 302 ; *Fletcher* v. *Braddick*, 5 Bos. & Pul. 182 ; *The Thames*, 5 Rob. Adm. R. 345 ; Abbott on Ship. by Story, 183, note ; *St.* 1783, *c.* 13, § 10 ; *Bussy* v. *Donaldson*, 4 Dallas, 206.

PARKER C. J. delivered the opinion of the Court.  We think that the owners of a vessel, which, by collision with another vessel, has caused damage through the fault or negligence of any one on board, is answerable to the injured party, in respect of their property, notwithstanding there may be a pilot on board, who has the entire control and management of the vessel.  It is more convenient that such owner should seek his remedy against the pilot, whom he has selected for this service, than that the injured party should ; and it is more conformable to the general spirit of the law ; for although the pilot holds his commission under the executive authority of the Commonwealth, yet in many respects he is the servant of the owner who employs him, and in regard to the time of sailing is undoubtedly under the direction of the owner.  The master, in such case, would not be liable, for he is answerable only in respect of his authority over the vessel, which authority is entirely superseded by that of the pilot, when the vessel is under sail within pilot ground ; and so it is decided in *Snell* v. *Rich*, 1 Johns. R. 305, in which case the court avoid giving any opinion in regard to the liability of the owners when a pilot is on board.  In a note to the American edition of Abbott on Shipping, it is laid down in general terms, that the owner is liable, although there be a pilot on board who is appointed by

*Yates v. Brown.*

*March 16th, 1829*

public authority ; and this position is supported by the case of *Bussy* v. *Donaldson*, 4 Dallas, 206, and the principle is fully recognised in the case of *Fletcher* v. *Braddick*, 5 Bos. & Pul. 182.   The pilot is indeed put in the place of the master, and there is as much reason for the owner's liability in one case as in the other.[1]

Yates
*v.*
Brown.

*Judgment according to verdict.*

